[No. 3813–II. Division Two. March 12, 1980.]

JOYCE TEETER, *Respondent,* v. HARRY D. LAWSON, ET AL, *Appellants.*

*J. A. Napolitano,* for appellants.

*Al Lirhus,* for respondent.

PEARSON, J.—Dr. Lawson appeals the trial court's dismissal of his statute of limitation defense. The issue is whether the 1971 medical malpractice statute of limitation, RCW 4.16.350, abrogated the "discovery rule" as it was announced by the Supreme Court in *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969). We agree with the trial court that the legislature altered the common–law "discovery rule," and affirm the judgment. The 1971 statute contained the discovery rule, but not the reasonable diligence requirement.

The action arose out of minor surgery performed by Dr. Lawson in March of 1972 to remove calluses from Mrs. Teeter's feet. Her affidavit states that while she was in minor discomfort prior to the surgery, her feet bled and were in constant pain after the surgery. She alleges that, although she continued to experience pain and disability, Dr. Lawson informed her that everything was fine following the operation. In June of 1975, more than 3 years after the operation, Mrs. Teeter went to another podiatrist, Dr. Dice, for treatment of an ingrown toenail. Dr. Dice informed her that the prior surgery had improperly severed nerves in both feet, which caused the pain and disability. Mrs. Teeter commenced this malpractice action on May 27, 1976, 4 years after the surgery and 11 months following her visit to Dr. Dice.

The parties agree that the 1971 medical malpractice statute of limitation applies to the instant case, as it was in effect in 1972 when the surgery was performed and in May of 1976 when the lawsuit was filed. That statute required plaintiffs to commence malpractice actions "within (1) three years from the date of the alleged wrongful act, or

(2) one year from the time that plaintiff discovers the injury or condition was caused by the wrongful act." RCW 4.16.350.[1]

It was uncontested that this action was filed within 1 year of Mrs. Teeter's discovery of Dr. Lawson's alleged negligence. Dr. Lawson asserts, however, that the statute requires reasonable diligence in discovering the cause of an injury. As he reads the statute, it would bar actions filed within 1 year from the time the plaintiff discovers *or reasonably should have discovered* the injury or condition was caused by the wrongful act. This addition to the statute he contends would create a factual issue concerning the reasonableness of Mrs. Teeter's failure to inquire further into the cause of her condition despite 3 years of pain and discomfort. We decline, however, to read this additional language into the statute and affirm the trial court's dismissal of the statute of limitation defense.

■ The reasonable diligence requirement has been discussed in the past as an element of the 1971 statute. In *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979), the issue was what constituted "discovery" for purposes of the 1971 malpractice statute of limitation. There was no allegation in *Ohler* that the plaintiff failed to act reasonably by not discovering the cause of her injury at an earlier date, and the court's mention of the reasonable diligence requirement was not necessary to its resolution of the case. The court in *Duffy v. King Chiropractic Clinic*, 17 Wn. App. 693, 565 P.2d 435 (1977), also discussed reasonableness as an element of the 1971 statute, but the case was one where the plaintiff actually discovered the doctor's negligence more than 1 year prior to filing the action. The question of whether the plaintiff's reasonable diligence is an element of the 1971 statute was not an issue in either of these cases. While it is true that many other jurisdictions include reasonableness as part of the discovery rule, *see*

---

[1]RCW 4.16.350 was modified by the legislature in Laws of 1975, 2d Ex. Sess., ch. 56, § 1, effective for health care provided after June 25, 1976.

Annot., 70 A.L.R.3d 7, § 5 (1976), the language of the 1971 statute did not include this element as part of the Washington law.

Before 1971, there was no separate medical malpractice statute of limitation, and these cases fell within the limitation statutes that applied generally to all tort claims, RCW 4.16.080 and 4.16.010. The strict 3-year limitation contained in these statutes sometimes created harsh results, since in medical malpractice cases negligence and injury may lie hidden for many years. In *Lindquist v. Mullen*, 45 Wn.2d 675, 277 P.2d 724 (1954), the surgeon left a sponge inside a patient which was not discovered for 7 years after the operation. The patient was denied recovery, however, because she commenced her lawsuit more than 3 years after the alleged wrongful act. This rule was changed by *Ruth v. Dight, supra,* where the Supreme Court construed the term "accrued" in RCW 4.16.010. The court held that in medical malpractice cases the cause of action might accrue when the injury was discovered or when it reasonably should have been discovered, rather than at the time of the alleged wrongful act. In subsequent cases, the discovery rule continued to include the reasonable diligence requirement. *Denison v. Goforth,* 75 Wn.2d 853, 454 P.2d 218 (1969); *Janisch v. Mullins,* 1 Wn. App. 393, 461 P.2d 895 (1969).

■ The 1971 medical malpractice statute of limitation abrogated the discovery rule formulated in *Dight*. The statute did not contain the term "accrued" which had been the basis of the *Dight* holding. It limited malpractice actions to 3 years from the date of the wrongful act or 1 year from the time the plaintiff discovered the cause of the injury, but omitted the requirement that the plaintiff act reasonably. It would be error for us to speculate that this omission was the result of legislative oversight. *Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 573 P.2d 10 (1977); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973); *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 399 P.2d 8 (1965); *State ex rel. Thigpen v. Kent,* 64 Wn.2d 823, 394 P.2d 686 (1964). As the 1971 statute is clear and

unambiguous, there is no need for construction, and we will not read language into the provision. *State ex rel. Tarver v. Smith,* 78 Wn.2d 152, 470 P.2d 172 (1970). Unambiguous statutes are read in conformity with their obvious meaning, without regard to the previous common law. *State ex rel. Madden v. PUD 1,* 83 Wn.2d 219, 517 P.2d 585 (1973).

By omitting the reasonableness requirement from the 1971 statute, the legislature changed the judicially formulated discovery rule and engaged in its own balancing of the factors discussed in *Ruth v. Dight, supra* at 665: "the harm of being deprived of a remedy versus the harm of being sued." The legislative history indicates that careful consideration was given the wording of the 1971 statute.[2] In 1975 the legislature chose to again adjust the balance by including the reasonable diligence requirement in a newly formulated malpractice statute of limitation. RCW 4.16.350. These adjustments were wholly within the legislative prerogative, and the courts should no more add the reasonable diligence requirement to the 1971 statute than delete it from the current provision.

The judgment is affirmed.

REED, C.J., and PETRIE, J., concur.

---

[2] House Journal, 42d Legislature, at 598–600 (1971).