[No. 15377-3-I. Division One. January 12, 1987.]

BERNADETTE EPSTEIN, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

---

[11]*See* Fla. Stat. §§ 61.131, 61.1312 (1981) set forth in footnote 9. The Washington equivalent is RCW 26.27.040.

*Kenneth O. Eikenberry, Attorney General,* and *John R. Wasberg, Assistant,* for appellant.

*James C. Causey* and *Aaby, Putnam, Albo & Causey,* for respondent.

WILLIAMS, J.—The Department of Labor and Industries appeals from a judgment, entered after a jury trial, awarding workers' compensation death benefits to Bernadette Epstein, widow of Mark Epstein. The judgment reversed a decision of the Board of Industrial Insurance Appeals. At issue is the giving of two instructions. We affirm.

The facts are that in 1980 the decedent, Mark Epstein, began doing carpentry and other work for R. J. Williams Company. His arrangement with the company was that he would furnish all necessary hand and power tools and a truck and perform assigned jobs on the company's condominiums and elsewhere. This work was mostly on an "as needed" basis of "pickup," "punch list" or "warranty" work. He was paid every 2 weeks for time and materials and was free to work elsewhere if he had the time and so desired. He was a licensed contractor conducting an independent business and, when offered, declined to become an employee of the company to be covered by workers' compensation, employment insurance, etc.

On January 19, 1982, Epstein was killed while operating a backhoe to dig a drainage ditch on property owned by Rick Williams, the majority partner of R. J. Williams Company. The backhoe was owned by a corporation of which Rick Williams owned 50 percent of the shares.

The Department and the Board of Industrial Insurance Appeals denied the claim for widow's benefits on the ground that Epstein was not a "worker," as defined in

RCW 51.08.180 (1981)[1] as follows:

"Worker" means every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his or her employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title, whether by way of manual labor or otherwise, in the course of his or her employment.

For the purposes of this title, any person, firm, or corporation currently engaging in a business which is registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW is not a worker when:

(1) Contracting to perform work for any contractor registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW;

(2) The person, firm, or corporation has a principal place of business which would be eligible for a business deduction for internal revenue service tax purposes other than that furnished by the contractor for which the business has contracted to furnish services;

(3) The person, firm, or corporation maintains a separate set of books or records that reflect all items of income and expenses of the business; and

(4) The work which the person, firm, or corporation has contracted to perform is:

(a) The work of a contractor as defined in RCW 18.27-.010; or

(b) The work of installing wires or equipment to convey electric current or installing apparatus to be operated by such current as it pertains to the electrical industry as described in chapter 19.28 RCW.[2]

A "contractor" is defined in RCW 18.27.010 as:

---

[1]RCW 51.08.180 was amended in 1983 to add the following paragraph:

"(3) Any person, firm or corporation registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW including those performing work for any contractor registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW is a worker when the contractor supervises or controls the means by which the result is accomplished or the manner in which the work is performed."

[2]RCW 51.08.070 defines employer as a counterpart to RCW 51.08.180.

any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof . . .

Instructions based upon these statutory definitions were appropriately drawn and submitted to the jury. The following instructions were also given:

A "worker" or "employee" is "contracting to perform work" under the Industrial Insurance Act if in the pursuit of an independent business he contracts to do a specific piece of work according to his own methods without being subject to the control of the employer except to the result of the work. Factors which show that a "contracting" relationship exists is the existence of a contract, an agreement to pay a fixed price for the work, the employment by the contractor of assistants under his control, the furnishing of equipment and materials, and the lack of power on the part of the employer to terminate the employment at any time.

Instruction 13.

A "worker" is an employee of an "employer" if the employer has the right to control the employment activities of the employee, pays the employee on the basis of units of time rather than a completed project basis, and has the right to terminate the employment relationship without liability beyond that for wages owing.

Instruction 14.

■ The Department excepted to these instructions, arguing that the definitions of "worker," "employer" and "contractor" were controlled by statute, not by the common law. Unambiguous statutes are read according to their obvious meaning, without regard to the previous common law. *Teeter v. Lawson*, 25 Wn. App. 560, 564, 610 P.2d 925 (1980). It is apparent that while engaged in "punch list" or "warranty" work Epstein met all four criteria of RCW 51.08.180 (1981) for determining who is not a "worker." It

is equally apparent that the essence of what he was doing in operating the backhoe was performing personal labor, and, hence, he was a "worker" within the meaning of the statute, even though perhaps working under an independent contract. The instructions complained about by the Department aided the jury in applying the phrases "who is *working under an independent contract, the essence of which is his or her personal labor*" and "*contracting to perform work*" in RCW 51.08.180 (1981). Without those instructions, the jury could not have made an intelligent decision as to whether Epstein was a worker or an independent contractor when he was injured. As indicated by footnote 1, the Legislature clarified the statute in 1983 to reflect the common understanding that a person is a worker "when the contractor supervises or controls the means by which the result is accomplished or the manner in which the work is performed."

The jury was correctly instructed; the judgment is affirmed.

SCHOLFIELD, C.J., and GROSSE, J., concur.