(896 P.2d 401)
No. 72,464

In the Matter of the Estate of WILLIAM S. WATSON, Deceased. DUANE S. SOUDER, *Claimant/Appellant*, v. EDDIE GARVER, *Executor/Appellee*.

134

 Opinion filed
June 9, 1995. 

*Stanley R. Juhnke*, of Hutchinson, for appellant.

*E. Dexter Galloway*, of Hutchinson, for appellee.

Before RULON, P.J., LARSON, J., and TOM MALONE, District Judge, assigned.

RULON, J.: Duane S. Souder, claimant, appeals the district court's finding that his petition against the estate of William S. Watson was not timely filed and consequently was barred by the statute of limitations under K.S.A. 59-2239(1). We affirm.

The facts of this case are not in dispute and are as follows:

William S. Watson, testator, died on March 21, 1993. A petition for probate of a will dated October 7, 1991, and a codicil dated August 20, 1992, was filed on April 6, 1993. The petition sought administration under the Kansas Simplified Estates Act. A combined notice of hearing, request for simplified administration, and notice to creditors was first published on April 9, 1993, and mailed on April 12, 1993. Claimant was mailed a copy of the notice. Under the provisions of the offered will claimant would receive a specific bequest of $10,000 and 10% of the residuary estate. Ultimately, the will was admitted to probate on May 6, 1993, and testamentary letters pursuant to the Simplified Estates Act were issued on May 12, 1993. Eddie Garver was named executor.

On September 15, 1993, claimant filed a petition to probate a joint, mutual, and contractual will of William S. Watson and Eva B. Watson dated June 16, 1973. Claimant additionally filed a petition for allowance and classification of demand asking that the amount he would have received under the contractual will be deemed a third-class demand or be declared a remainder interest in the property of the estate.

Garver, as executor, filed a motion for dismissal of claimant's petition because such claim was barred by the provisions of K.S.A. 59-2239. The district court granted the executor's motion, finding

the petition for allowance and classification of demand was filed out of time.

This case necessitates our interpretation of the provisions of K.S.A. 59-2239 and is consequently a question of law. An appellate court's review of a question of law is plenary. See *State v. Heffelman*, 256 Kan. 384, 386, 886 P.2d 823 (1994).

K.S.A. 59-2239 reads in relevant part:

"(1) All demands . . . against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from . . . any liability as surety, guarantor or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within four months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment, except that the provisions of the testator's will requiring the payment of a demand exhibited later shall control."

Claimant concedes that he received a copy of the published notice to creditors on May 4, 1993, and further received the actual instruments admitting the will to probate no later than May 6, 1993. The district court found that claimant had actual notice of the probate proceedings no later than May 4, 1993, and that the testator died March 21, 1993.

The law in Kansas is well settled that

"a claim may be filed against the estate of a testator who breaches a joint, mutual and contractual will. [Citations omitted.] A single will may be both a will contractual in nature and a contract testamentary in nature. As a will it is revocable, but as a contract it is enforceable; and although a contractual will revoked by execution of a second will cannot be probated, it can be enforced as a contract against the estate of the testator breaching it. [Citation omitted.]" *Salvation Army v. Estate of Pryor*, 1 Kan. App. 2d 592, 597, 570 P.2d 1380 (1977).

Equally well settled is that " ' "where a party seeks to enforce a contractual obligation to devise or bequeath a portion of a decedent's estate, *the proceeding constitutes a demand against the estate* and not a will contest." ' (Emphasis in original)." *In re Estate of Pallister*, 13 Kan. App. 2d 337, 338, 770 P.2d 494 (1989) (quoting *Salvation Army*, 1 Kan. App. 2d at 601).

Claimant argues that this court should create an exception to the above-noted nonclaim statute and hold that a creditor's claim does not accrue until the creditor has discovered he or she has a claim,

or by the exercise of due diligence should have discovered the claim. Following such a rule, claimant's claim as a creditor by virtue of the joint, mutual, and contractual will would not accrue until he had notice of the will and, therefore, the nonclaim statute of limitations would not begin to run until the claim accrued. Specifically, claimant asks this court to adopt the discovery rule similar to that contained in K.S.A. 60-513. However, claimant concedes that the discovery rule in Kansas was created by the legislature and did not exist prior to the adoption of the current code of civil procedure.

Claimant cites several cases from other states in support of his argument. None of those cases are in any manner similar to the facts of the instant case. The two California cases, *April Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 195 Cal. Rptr. 421 (1983) and *McGee v. Weinberg*, 97 Cal. App. 3d 798, 159 Cal. Rptr. 86 (1979), deal with situations where the courts have applied the discovery rule to contract actions. The cited Washington case, *Gazija v. Nicholas Jerns Co.*, 86 Wash. 2d 215, 543 P.2d 338 (1975), dealt with the application of the discovery rule to negligent cancellation of an insurance policy and was based on a tort theory. The Vermont case, *Union School District # 20 v. Lench*, 134 Vt. 424, 365 A.2d 508 (1976), applied the discovery rule to an action involving a breach of contract and negligent design claim. None of the cited cases are either probate cases or apply the discovery rule to a situation similar to the one here.

K.S.A. 59-2239 is a special statute of limitations. *Union Nat'l Bank & Trust Co. v. Estate of Werning*, 233 Kan. 671, Syl. ¶ 1, 665 P.2d 192 (1983). The words "all demands" are all-inclusive and include claims and demands of every type and character against a decedent's estate except for those particular cases where the statute expressly provides otherwise. 233 Kan. 671, Syl. ¶ 2. "[A] party seeking to remove something from a decedent's estate must comply with the nonclaim statute in the absence of an express statutory exception such as set forth in K.S.A. 59-2239(2)." 233 Kan. at 677.

While claimant presents a novel concept, such an argument lacks support in any other cited case. Because the Kansas Legislature specifically created a statutory discovery rule under the provisions of K.S.A. 60-513, the doctrine of *expressio unius est exclusio alter-*

ius (the inclusion of one thing implies the exclusion of another) suggests that the legislature did not intend for the same discovery rule to be applicable to probate cases.

In the alternative, claimant suggests that, as a known or reasonably ascertainable creditor, he should have been given notice prior to the expiration of the nonclaim statute. Claimant contends the executor knew of the existence of the joint, mutual, and contractual will at the time the 1991 will was offered for probate and, consequently, claimant should have been given notice of the existence of the earlier will.

Additionally, claimant relies upon the case of *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 99 L. Ed. 2d 565, 108 S. Ct. 1340 (1988). In *Pope*, the United States Supreme Court held that if a creditor's identity was known or reasonably ascertainable, the Due Process Clause of the Constitution requires that the creditor be given notice by mail or such other means as to insure actual notice. 478 U.S. at 491.

*Pope* can be distinguished from the facts here. The record is clear, and claimant admits, that he received actual notice of the probate of the will within the statutory period set out in the nonclaim statute. There is no authority suggesting claimant was required to have any notice beyond that which he received.

Claimant cites several depositions which he claims show that the executor of the estate knew of the existence of the contractual will before the later will was presented for probate. However, the depositions were apparently not admitted into evidence at trial and cannot be considered here. See *Eisenhut v. Steadman*, 13 Kan. App. 2d 220, 767 P.2d 293 (1989).

Claimant further cites to answers to several interrogatories in the record which he suggests show that the executor knew of the existence of the contractual will. While the answers to the interrogatories could be read to indicate the executor knew of the prior will, other portions of the same interrogatories indicate the executor understood the contractual will had been revoked by both Eva and William. It is important to note that, at trial, claimant did not allege or attempt to prove actual or constructive fraud. In the absence of clear and convincing proof of a breach of fiduciary duty,

actual or constructive fraud, or some other form of unconscionable conduct, claimant's claim based on the contractual will is barred by the nonclaim statute. See *Salvation Army*, 1 Kan. App. 2d at 601.

Garver's motion for fees and costs of appeal has been considered and is denied.

Affirmed.