[No. 22382-1-II.   Division Two.   September 18, 1998.]

LYNNE ELIZABETH ROBERTS, *Appellant*, v. ERIC G. DUDLEY, D.V.M., ET AL., *Respondents*.

*David W. Murdach*, for appellant.

*Gregory J. Murphy* of *Eisenhower Carlson, P.L.L.C.*, for respondents.

MORGAN, J. — Lynne Roberts worked for Eric G. Dudley,

a veterinarian with fewer than eight employees.[1] Dudley discharged her, allegedly because she was female. She sued, claiming a common-law, non-statutory cause of action for gender discrimination. Declining to recognize such a cause of action, the trial court dismissed. We reverse and remand.

Roberts began working at the North End Veterinary Clinic on December 4, 1972. She was still employed there when Dudley purchased the clinic in July 1991. Since then, Dudley has had fewer than eight employees.

In the fall of 1992, Roberts was pregnant. On February 1, 1993, she began six weeks of unpaid maternity leave. Near the end of that period, Dudley asked her to take another six weeks of unpaid leave, which she did. On May 1, 1993, Dudley discharged her, saying he had suffered a slowdown in business.

In May 1994, Dudley advertised Roberts' former position, which he had never filled.[2] Roberts re-applied, but Dudley hired someone else.

On July 18, 1994, Roberts filed a complaint for gender discrimination in which she alleged

> that at all times pertinent herein, plaintiff had performed and was performing her duties as a receptionist/office manager for the North End Veterinary Clinic in a satisfactory manner. The reason given for her termination is pretextual and not true. Plaintiff asserts that the reason for her termination was that she had become pregnant and delivered a child and that she was, therefore, discharged in violation of [RCW] 49.60.030 which provides that she has the right to be free from discrimination because of sex.[3]

Later, Roberts filed a second amended complaint in which she modified her reliance on RCW 49.60. She alleged

---

[1]Dudley's wife, Rebecca, is also a party. For convenience, however, we refer only to him.

[2]Roberts asserts that Dudley waited slightly over a year so he could avoid the effect of Tacoma's human rights ordinance. We make no determination on that matter.

[3]Clerk's Papers at 2.

that at all times pertinent herein, plaintiff had performed and was performing her duties as a receptionist/office manager for the North End Veterinary Clinic in a satisfactory manner. The reason given for her termination is pretextual and not true. Plaintiff asserts that the reason for her termination was that she had become pregnant and delivered a child and that she was, therefore, wrongfully terminated in violation of public policy and City of Tacoma Ordinance 1.29 et seq. which provides that she has the right to be free from employment discrimination because of her sex. Plaintiff asserts that her termination was wrongful in that it violated public policy against such discrimination as set forth in RCW 49.60 et seq., Tacoma Municipal Code 1.29 et seq., 42 U.S.C. 2000e(k) and/or Washington State Equal Rights amendment, Article 31 sec. 1 of the Washington State Constitution.[4]

On October 12, 1995, Dudley moved for summary judgment. He argued that Roberts had no cause of action under state law, even if he had discharged her because of sex, because he employed fewer than eight persons. In effect, though not expressly,[5] he took the position that an employer's duty not to discriminate because of sex is *purely* statutory; that the statute, RCW 49.60, does not apply to employers with fewer than eight employees; and thus that an employer with fewer than eight employees is free to discriminate on the basis of sex if he or she wishes to do so.[6] The trial court granted the motion.

After the trial court's ruling, Roberts sought direct review by the Supreme Court. Dudley agreed that direct review would be appropriate. The Supreme Court denied direct review and transferred the case here.

---

[4]Clerk's Papers at 228-29, 244-45.

[5]Expressly, Dudley said that he sought "summary judgment because at no time during [his] ownership of the [North End] Veterinary Clinic did the clinic employ eight or more persons, the minimum number of employees required for coverage under either RCW 49.60 or 42 U.S.C. [§] 2000e." Clerk's Papers at 122-23.

[6]*See Griffin v. Eller,* 130 Wn.2d 58, 67 n.1, 922 P.2d 788 (1996) (quoting Michael C. Tobriner, *California FEPC,* 16 HASTINGS L.J. 333, 342 (1965) ("A sense of justice and propriety led the framers [of California's Fair Employment Practices Act] to believe that individuals should be allowed to retain some small measure of the so-called freedom to discriminate[.]").

Roberts concedes that she lacks a statutory cause of action under RCW 49.60 because Dudley has fewer than eight employees.[7] She contends, however, that she has a cause of action under the common law. The question, then, is whether Washington recognizes a common-law cause of action for discrimination because of sex.

■ To answer this question, we first address the legislature's intent in enacting RCW 49.60. Did the legislature intend to preempt a common-law cause of action for gender discrimination against employers of fewer than eight? Or, did it not address the matter, thus leaving a void in the law? If the legislature intended to preempt a common-law cause of action, its intent controls.[8] If the legislature left a void in the law, we must analyze whether the common law fills that void.[9] By statute, of course, the legislature may negate, revise or confirm any common-law determination that we make.

The 1973 legislature expressly established a statutory cause of action for discrimination by an employer of eight or more.[10] At the same time, the legislature expressly stated:

[7]*See Griffin*, 130 Wn.2d at 64; *Bennett v. Hardy*, 113 Wn.2d 912, 915, 784 P.2d 1258 (1990) ("[p]laintiffs allege age discrimination by their employer but cannot bring a cause of action against him under RCW 49.60 . . . because he employs fewer than eight employees . . . ."); RCW 49.60.030(2) ("Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action . . . to recover the actual damages sustained by the person . . . together with the cost of suit including reasonable attorneys' fees . . . ."); RCW 49.60.180(2) (one act in violation of the chapter is "for any employer . . . . [t]o discharge or bar any person from employment because of . . . sex, [or] marital status . . . ."); RCW 49.60.040(3) (for purposes of the chapter, an "employer" is one "who employs eight or more persons").

[8]*State ex rel. Madden v. Public Util. Dist. No. 1*, 83 Wn.2d 219, 221-22, 517 P.2d 585 (1973), *cert. denied*, 419 U.S. 808, 95 S. Ct. 20, 42 L. Ed. 2d 33 (1974) (citing *United States v. Matthews*, 173 U.S. 381, 19 S. Ct. 413, 43 L. Ed. 738 (1899); *Bolles v. Toledo Trust Co.*, 144 Ohio St. 195, 58 N.E.2d 381, 157 A.L.R. 1164 (1944)); *see also State v. Rivas*, 126 Wn.2d 443, 451, 896 P.2d 57 (1995); *Price v. Kitsap Transit*, 125 Wn.2d 456, 463, 886 P.2d 556 (1994); *Teeter v. Lawson*, 25 Wn. App. 560, 563, 610 P.2d 925 (1980).

[9]This aspect of the judicial function was notably discussed by Justice Benjamin N. Cardozo, quoting Justice Oliver Wendell Holmes, Jr., in BENJAMIN N. CARDOZO, THE NATURE OF THE JUDICIAL PROCESS 68-70 (1949).

[10]RCW 49.60.030(2); RCW 49.60.040; LAWS OF 1973, ch. 141, § 3.

The provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this chapter shall be deemed to repeal any of the provisions of any other law of this state relating to discrimination because of race, color, creed, national origin, sex, marital status, age, or the presence of any sensory, mental, or physical handicap . . . . Nor shall anything herein contained be construed to deny the right to any person to institute any action or pursue any civil or criminal remedy based upon an alleged violation of his civil rights.[11]

Earlier, the 1957 legislature had declared that one of a Washington citizen's civil rights was "to obtain and hold employment without discrimination."[12] Based on these legislative declarations, we think it apparent that the legislature did not intend to preclude a common-law cause of action for discrimination by an employer of fewer than eight. Rather, it intended not to address the matter, leaving a void for such later action as might appear to be appropriate.

The Washington Supreme Court has set forth the approach to take when considering whether the common law fills a void like that left here. It has said that the common law will "recognize a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy."[13]

In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. Prior judicial decisions may

---

[11]RCW 49.60.020. This provision was initially enacted in 1949, but the legislature amended and re-enacted it in 1973. Laws of 1973, ch. 141, § 2; Laws of 1973, 1st Ex. Sess., ch. 214, § 2. *See also Marquis v. City of Spokane*, 130 Wn.2d 97, 108, 922 P.2d 43 (1996).

[12]RCW 49.60.030(1); Laws of 1957, ch. 37, § 3.

[13]*Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232, 685 P.2d 1081 (1984); *see also Farnum v. CRISTA Ministries*, 116 Wn.2d 659, 668, 807 P.2d 830 (1991); *Bennett*, 113 Wn.2d at 922 (quoting *Thompson*, 102 Wn.2d at 232); *Dicomes v. State*, 113 Wn.2d 612, 617, 782 P.2d 1002 (1989) (quoting *Thompson*, 102 Wn.2d at 232).

also establish the relevant public policy. However, *courts should proceed cautiously if called upon to declare public policy absent some prior legislative or judicial expression on the subject*.[14]

Using this approach, we examine whether the people, the legislature, or the Supreme Court have clearly established a public policy against gender discrimination that applies to all employers.

■ The people have, at least in general terms. In 1972, they amended the WASHINGTON CONSTITUTION to declare that "[e]quality of rights and responsibility under the law shall not be denied or abridged on account of sex."[15]

The legislature also has, in more specific terms. It first enacted RCW 49.60 in 1949.[16] Although it defined "employer" as one who employs eight or more persons,[17] it also found and declared, in RCW 49.60.010, "that practices of discrimination against any of [this state's] inhabitants because of race, creed, color or national origin are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state."[18] At the same time, it further declared that "the opportunity to obtain employment without discrimination because of race, creed, color or national origin is hereby recognized as and declared to be a civil right."[19] In 1957, it elaborated by saying, in RCW 49.60.030(1), that the opportunity to obtain employment without discrimination is a civil right that "shall include, but not be limited to . . . the right to obtain and hold employment without discrimi-

---

[14]*Thompson*, 102 Wn.2d at 232 (quoting *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 380, 652 P.2d 625 (1982) (emphasis in original); *see also Farnum*, 116 Wn.2d at 668; *Bennett*, 113 Wn.2d at 924.

[15]CONST. art. XXXI (amend. 61).

[16]LAWS OF 1949, ch. 183; *Marquis*, 130 Wn.2d at 105; *Griffin*, 130 Wn.2d at 63.

[17]LAWS OF 1949, ch. 183, § 3; *Griffin*, 130 Wn.2d at 63.

[18]RCW 49.60.010; LAWS OF 1949, ch. 183, § 1; *Marquis*, 130 Wn.2d at 108.

[19]RCW 49.60.030(1) (formerly codified as RCW 49.60.020); LAWS OF 1949, ch. 183, § 2; *see Marquis*, 130 Wn.2d at 106.

nation . . . ."[20] In 1973, it added to the types of prohibited discrimination by stating, in an amendment to RCW 49.60.010,

> The legislature hereby finds and declares the practices of discrimination against any of its inhabitants because of race, creed, color, national origin, sex, marital status, age, or the presence of any sensory, mental, or physical handicap are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.[21]

At no time has the legislature indicated that its declarations do not apply to discrimination by employers of fewer than eight; on the contrary, as we have already noted, the legislature has said that RCW 49.60 is not intended "to deny the right . . . to institute any action or pursue any civil . . . remedy based upon" a civil right,[22] and that one civil right is "to obtain and hold employment without discrimination."[23]

Finally, the Supreme Court has commented on the breadth of these legislative declarations. In *Marquis v. Spokane*, it said that RCW 49.60.030(1) "is broadly stated, is to be liberally construed and, as part of the law against discrimination, is meant to prevent *and eliminate* discrimination in the State of Washington."[24] It also said that the purpose of RCW 49.60 "is to deter and *eradicate* discrimina-

---

[20]RCW 49.60.030(1)(a), Laws of 1957, ch. 37, § 3. *See also Marquis*, 130 Wn.2d at 105-06.

[21]Laws of 1973, ch. 141, § 1; Laws of 1973, 1st Ex. Sess., ch. 214, § 1; *Marquis*, 130 Wn.2d at 106.

[22]RCW 49.60.020. This provision was initially enacted in 1949, but the legislature amended and re-enacted it in 1973. Laws of 1973, ch. 141, § 2.

[23]RCW 49.60.030(1), Laws of 1957, ch. 37, § 3. *See also Bennett*, 113 Wn.2d at 927 (nothing in RCW 49.60.010 suggests "that the employer definition found in RCW 49.60.040 was intended by the Legislature to narrow the state's overall policy against age discrimination") and at 925 (public policy against retaliatory discharge, recognized in RCW 49.60.210 with respect to employers of eight or more, also applies to employers of fewer than eight).

[24]*Marquis v. City of Spokane*, 130 Wn.2d 97, 112, 922 P.2d 43 (1996) (emphasis added).

tion in Washington,"[25] and that "this state's strong policy against sex discrimination is further evidenced by its enactment of the Equal Rights Amendment to the state constitution."[26] More generally, the court has also said that public policy, when properly defined, "concerns what is right and just and what affects the citizens of the State collectively."[27]

Based on these constitutional, legislative and judicial expressions of public policy, we think that Washington public policy contains a clear mandate to eradicate, not tolerate, gender discrimination in employment, even where an employer has fewer than eight employees. Accordingly, we hold that Washington common law recognizes a cause of action for gender discrimination when an employer has fewer than eight employees.

Nothing said herein is contrary to *Griffin v. Eller.*[28] The *Griffin* court held that RCW 49.60 did not create a *statutory* cause of action for discrimination against an employer of fewer than eight. The *Griffin* court did not address whether the common law embodies such an action, because that question was not raised. In *Griffin*, the trial court submitted the plaintiff's common-law discrimination claim to the jury; the jury rejected that claim; and the plaintiff did not appeal the jury's rejection.

Nor does anything said herein negate RCW 49.60's exemption of employers with fewer than eight employees. That exemption continues to restrict the administrative jurisdiction of the Washington State Human Rights Commission, just as the 1949 legislature designed it to do.[29]

In summary, we think that the Washington people, legislature and Supreme Court have together established a

---

[25]*Marquis*, 130 Wn.2d at 109 (emphasis added).

[26]*Marquis*, 130 Wn.2d at 109.

[27]*Dicomes*, 113 Wn.2d at 618 (quoting *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 130, 421 N.E.2d 876 (1981)).

[28]130 Wn.2d 58, 922 P.2d 788 (1996).

[29]*Bennett*, 113 Wn.2d at 928; *see Marquis*, 130 Wn.2d at 111-12; *compare Griffin*, 130 Wn.2d at 68-69.

clear and unmistakable public policy against gender discrimination; that the common law "recognize[s] a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy;"[30] and thus that Roberts has pleaded a cause of action in this case. We make no determination on whether Roberts has sufficient evidence to warrant a trial; all we determine is that she is not without recourse under state law solely because her employer happened to have fewer than eight employees.

The parties' remaining arguments lack merit or need not be reached.

Reversed and remanded for further proceedings.

HOUGHTON, C.J., and BRIDGEWATER, J., concur.

Review granted at 137 Wn.2d 1019 (1999).

---

[30]*Thompson*, 102 Wn.2d at 232; *see also Bennett*, 113 Wn.2d at 922 (quoting *Thompson*, 102 Wn.2d at 232); *Dicomes*, 113 Wn.2d at 617 (quoting *Thompson*, 102 Wn.2d at 232); *Farnum*, 116 Wn.2d at 668.