731 S.E.2d 327

**Earl PHILLIPS as Personal Representative of the Estate of Bobby Gene Barnett, Appellant,**

v.

**Brigitte QUICK, Respondent.**

**Appellate Case No. 2010–168488.**

**No. 5003.**

Court of Appeals of South Carolina.

Heard Jan. 11, 2012.

Decided July 18, 2012.

John Michael Turner, Sr., of Turner & Burney, PC, of Laurens, and Carey Bruce Murphy, of Anderson, for Appellant.

Stephen R.H. Lewis, of Covington, Patrick, Hagins, Stern, & Lewis, P.A., of Greenville, for Respondent.

HUFF, J.

Earl Phillips, as the personal representative of the Estate of Bobby Gene Barnett, appeals the order of the circuit court affirming the probate court's order approving Brigitte Quick's claims pursuant to the South Carolina Uniform Gift to Minors Act (UGMA).[1] We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Bobby Gene Barnett passed away January 12, 2003. The notice to creditors of the estate ran in the Anderson News–Chronicle on February 19 and 26, 2003, and March 5, 2003. On December 8, 2003, Barnett's daughter, Quick, filed two statements of creditor's claim with the probate court. In the statements, she asserted Barnett took funds belonging to Quick under the UGMA without notifying her and failed to provide her with the funds that were being held on her behalf. She submitted copies of two cancelled checks from a UGMA account with A.G. Edwards & Sons. The checks were in the amounts of $107.29 and $41,646.27. Quick subsequently filed a petition for claim under the UGMA with the probate court. She claimed Barnett made a gift to her under the UGMA and then converted the money for his own use on two occasions. In his answer to the petition, Phillips, who was the successive personal representative of Barnett's estate, asserted, among other defenses, Quick's claim was not timely filed and was time barred.

The probate court rejected Phillips's contention that Quick's claims were barred because she failed to file her claim within the eight-month period prescribed by sections 62–3–801 and 62–3–803 of the South Carolina Probate Code (2009). The probate court noted Quick testified she had no notice or knowledge of the UGMA account until she became personal representative of Barnett's estate and learned of the account during discovery for litigation contesting Barnett's will in December, 2003. Her mother testified she had never told Quick about the account that Barnett set up pursuant to their divorce decree. The probate court applied the discovery rule and found that because Quick had no notice or knowledge of the claim prior to discovering it in December 2003, her claim

---

1. S.C.Code Ann. §§ 63–5–500 to –600 (2010).

was not barred by section 62–3–803. The court approved Quick's UGMA claim, but denied her request for interest. Phillips filed a motion to alter or amend, which the probate court denied. He then appealed to the circuit court, which affirmed the probate court. This appeal followed.

## STANDARD OF REVIEW

"An issue regarding statutory interpretation is a question of law." *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct.App.2005). "Questions of law ... may be decided with no particular deference to the lower court." *Neely v. Thomasson*, 365 S.C. 345, 350, 618 S.E.2d 884, 886 (2005).

## LAW/ANALYSIS

■ Phillips argues Quick's claims are barred by the time limitation set forth in sections 62–3–801(a) and 62–3–803(a) of the South Carolina Probate Code (2009) because section 62–3–803 is a nonclaim statute.[2] We agree.

Section 62–3–803(a) provides:

All claims against a decedent's estate which arose before the death of the decedent, including claims of the State and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following dates:

(1) one year after the decedent's death; or

(2) within the time provided by Section 62–3–801(b) for creditors who are given actual notice, and within the time provided in Section 62–3–801(a) for all creditors barred by publication....

Section 62–3–801(a) mandates that creditors who are not given actual notice must present their claims within eight months after the date of the first publication of the notice or be forever barred.

■ This court held Section 62–3–803 is a nonclaim statute. *In re Estate of Tollison*, 320 S.C. 132, 135, 463 S.E.2d 611, 613

---

2. At oral argument, both parties acknowledged this issue had been raised to the probate court. Despite the paucity of the record, we will review the issue on the merits.

(Ct.App.1995). Thus, unless the statute is complied with, the creditor's claim is barred. *Id.* The Indiana Supreme Court explained the difference between a nonclaim statute and a statute of limitations:

> [A] nonclaim statute ... grants to every person having a claim of any kind or character against a decedent's estate, the right to file the same in the court having jurisdiction thereof and have the same adjudicated, provided such claim is filed within the time specified in the statute. Unless such claim is filed within the time so allowed by the statute, it is forever barred. The time element is a built-in condition of the said statute and is of the essence of the right of action. Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created. While such statutes limit the time in which a claim may be filed or an action brought, they have nothing in common with and are not to be confused with general statutes of limitation. The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a defense to an action brought after the expiration of the time allowed by law for the bringing of such an action.

*Estate of Decker v. Farm Credit Servs. of Mid–Am., ACA,* 684 N.E.2d 1137, 1138–39 (Ind.1997) (quoting *Donnella v. Crady,* 135 Ind.App. 60, 185 N.E.2d 623, 624–25 (1962)).

■ "While equitable principles may extend the time for commencing an action under statutes of limitation, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions." *Estate of Decker,* 684 N.E.2d at 1139; *see also* 51 Am.Jur.2d *Limitation of Actions* § 3 (2011) ("The time element is a built-in condition of a nonclaim statute and is of the essence of the right of action, and unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created.").

In the present case, the probate court relied on the discovery rule found in section 15–3–535 of the South Carolina Code (2005), which provides:

> Except as to actions initiated under Section 15–3–545, all actions initiated under Section 15–3–530(5) must be com-

menced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action.

This rule, however, does not apply to all causes of actions. *Abba Equipment, Inc. v. Thomason,* 335 S.C. 477, 484, 517 S.E.2d 235, 238–39 (Ct.App.1999); *Matthews v. City of Greenwood,* 305 S.C. 267, 269 n. 1, 407 S.E.2d 668, 669 n. 1 (Ct.App.1991).

The Washington Supreme Court declined to apply the discovery rule to a probate nonclaim statute that was silent regarding the discovery rule. *Ruth v. Dight,* 75 Wash.2d 660, 453 P.2d 631, 636 (1969) (superseded by statute as stated in *Teeter v. Lawson,* 25 Wash.App. 560, 610 P.2d 925, 925 (1980)). The court held: "The nonclaim statute is mandatory and not subject to enlargement by interpretation; and it cannot be waived." *Id.* at 637.

The Kansas Court of Appeals likewise rejected a claimant's argument the discovery rule should apply to the Kansas statute similar to our section 62–3–803, K.S.A. 59–2239. *In re Estate of Watson,* 21 Kan.App.2d 133, 896 P.2d 401, 404 (1995). It explained:

Because the Kansas Legislature specifically created a statutory discovery rule under the provisions of K.S.A. 60–513, the doctrine of *expressio unius est exclusio alterious* (the inclusion of one thing implies the exclusion of another) suggests that the legislature did not intend for the same discovery rule to be applicable to probate cases.

*Id.*

Our section 62–3–803 makes no mention of the discovery rule and no other statute specifies the rule applies to the nonclaim statute. Because we find no indication our legislature intended for the discovery rule to apply to the nonclaim statute, we conclude this rule does not extend to section 62–3–803.[3]

Quick filed her statements of claim more than nine months after the first publication of notice. Thus, the lower courts erred in holding Quick's claims were not barred by section 62–

---

3. In her Respondent's brief, Quick relies on this court's opinion in *Kolb v. Cook,* 284 S.C. 598, 602, 327 S.E.2d 379, 382 (Ct.App.1985), in which we held a tort claimant seeking to recover damages from sources other than the distributable or distributed assets of the probate estate does

3–803. Accordingly, the order of the circuit court affirming the probate court is

**REVERSED.**[4]

PIEPER and LOCKEMY, JJ., concur.

---

not need to file a verified claim or account with the personal representative of the deceased tortfeasor. Quick asserts the funds from the UGMA account were not a distributable asset of the probate estate because she has a vested title in the proceeds from account and she is entitled to a constructive trust. While we find this argument intriguing, we decline to consider it on appeal. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420 n. 9, 526 S.E.2d 716, 723 n. 9 (2000) (holding when reversing a lower court's decision it is within an appellate court's discretion as to whether to address any additional sustaining grounds).

4. In light of our disposition herein, we decline to address Phillips's remaining argument on the admissibility of copies of checks admitted into evidence. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).