265 P.3d 439

**In the Matter of the ESTATE OF Regina VAN DER ZEE, Deceased.**

**Charity Cunio, as Personal Representative of the Estate of Regina Van Der Zee; and Thomas R. Ruklin, as former attorney for the Personal Representative, Charity Cunio, Appellees,**

v.

**Siebe Van Der Zee, as Claimant/Creditor in the Estate of Regina Van Der Zee, Appellant.**

No. 1 CA–CV 10–0744.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 15, 2011.

---

John D. Clark, Jr., P.L.C. by John D. Clark, Jr., Tempe, Attorneys for Appellant.

## OPINION

IRVINE, Judge.

¶ 1 Claimant/Appellant Siebe Van Der Zee ("Siebe") appeals the superior court's order denying his creditor's claim in the probate proceedings for Regina Van Der Zee. Siebe's complaint, filed more than a year after the claim was denied, was barred by the sixty-day limitations period under Arizona Revised Statutes ("A.R.S.") section 14–3806(A) (2005). In addition, the evidence supports the trial court's finding that the estate's administrator did not deny the claim in bad faith. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Siebe and Regina were married in 1983 and divorced in 1997. During their marriage, they borrowed $80,000 from Siebe's brother-in-law to purchase a home in Scottsdale (the "Property"). At the time of the dissolution, $60,000 remained outstanding on the loan.

¶ 3 In the Decree of Dissolution, the court awarded Regina the Property and ordered her to apply for a term life insurance policy in the amount of $60,000 naming Siebe's brother-in-law as the beneficiary. The court subsequently amended the Decree and again directed Regina to apply for a $60,000 insurance policy to benefit the brother-in-law. In addition, it directed Regina to return certain personal items belonging to Siebe and to pay him $3000 within five years from the date of the Amended Decree.

¶ 4 Regina died on January 26, 2006. The probate court appointed her daughter, Charity Cunio, as the personal representative for the estate. Cunio published notice to Regina's creditors in accordance with A.R.S. § 14–3801(A) (2005). She did not give written notice to Siebe.

¶ 5 On May 12, 2006, Siebe presented a written claim against the estate for payment of the amounts set forth in the Amended Decree ($60,000 and $3000), and return of his personal items, as ordered in the Amended Decree. Cunio denied the claim for $60,000 in a letter dated August 2, 2006, but did not address the remaining claims, which are not at issue in this case.

¶ 6 On January 9, 2007, Siebe filed a complaint in this action asserting that Cunio had wrongfully denied his claim. The estate moved for summary judgment on the grounds that Siebe's complaint was time-barred because he had not filed it within sixty days after Cunio mailed the notice of disallowance. The court initially entered summary judgment for the estate, but later granted Siebe's motion for reconsideration and vacated the summary judgment.

¶ 7 After a one-day trial, the court ruled that Siebe had failed to show his claim for $60,000 was valid and that, in any event, it was time-barred because it was not filed within sixty days after Cunio mailed the notice of disallowance. The trial court also rejected Siebe's assertion that the estate had denied the claim in bad faith. Siebe timely appeals.

**DISCUSSION**

¶ 8 Siebe argues his complaint was timely, and the superior court misapplied the relevant statutes to rule that his complaint was barred. We review de novo questions of law, including the interpretation of statutes. *In re Estate of Travers*, 192 Ariz. 333, 334–35, ¶ 11, 965 P.2d 67, 68–69 (App.1998).

¶ 9 Arizona's Probate Code requires a personal representative to notify the estate's creditors of her appointment and address, and to notify them that claims against the estate must be filed within a limited time. A.R.S. § 14–3801. The notice may be made via publication, except as to known creditors, whom the personal representative must notify in writing. A.R.S. § 14–3801(A), (B).

¶ 10 Siebe asserts that because he was a known creditor of Regina's estate, Cunio was required to provide him written notice of the estate. He contends that because she did not do so, A.R.S. § 14–3803(A)(1) (2005) allowed him two years to file his claim.

¶ 11 Section 14–3803(A) establishes the time within which a claimant must file a claim against a decedent's estate. It provides that all such claims must be presented within two years after the decedent's death plus the time remaining in the period commenced by actual or published notice. A.R.S. § 14–3803(A)(1). Creditors who receive actual notice have a more limited time to present a claim. A.R.S. § 14–3803(A)(2). For purposes of our review, we assume without deciding that Siebe is a known creditor who should have been served written notice, so he had at least two years pursuant to A.R.S. § 14–3803(A) after Regina's death to present his claim. *See In re Estate of Kopely*, 159 Ariz. 391, 394, 767 P.2d 1181, 1184 (App.1988) (remanding for evidentiary hearing to determine if creditor was known or reasonably ascertainable, the standard set by the statute in effect at that time).

¶ 12 A claimant has two methods of presenting a claim: (i) submit a written statement of the claim to the personal representative, or (ii) commence a proceeding against the personal representative in court for payment of the claim. A.R.S. § 14–3804(1), (2) (2005). If a claim is presented by written statement, the claimant may not commence a proceeding thereon more than sixty days after the personal representative mails a notice of disallowance of the claim. A.R.S. § 14–3804(3). This rule is consistent with A.R.S. § 14–3806(A), which requires a claimant to commence a legal proceeding to challenge a personal representative's denial of a claim within sixty days after the mailing of the denial.

¶ 13 Thus, even if Siebe had two years pursuant to A.R.S. § 14–3803(A)(1) to present his claim to Regina's estate, once he opted to do so by sending it to Cunio on May 12, 2006, and she disallowed the claim, Siebe was required to file this action to challenge the denial within sixty days. A.R.S. §§ 14–3804(3) and –3806(A). His failure to do so bars his complaint.

¶ 14 The Arizona Supreme Court addressed a similar issue in *Lowry v. Crandall*,

52 Ariz. 501, 83 P.2d 1003 (1938). In that case, several creditors prematurely filed claims against the decedent's estate before the administrator had filed an inventory or given notice to creditors. *Id.* at 503, 83 P.2d at 1004. The administrator denied the claims. *Id.* After the administrator prepared an inventory and gave notice to creditors, an assignee of the claims resubmitted them to the administrator, who again rejected them. *Id.* About a month later, the assignee sued to establish the claims. *Id.* The estate argued the claims were time-barred because they were not brought within the statutory period after the date of the administrator's first denial. *Id.* Our supreme court held that, although the claims were premature when first filed, the administrator validly exercised his authority to reject them. *Id.* Consequently, the claimant had to bring an action on the claim within the three months after the first rejection, the period prescribed by statute at the time. *Id.* at 504, 83 P.2d at 1004; *Barnett v. Hitching Post Lodge, Inc.,* 101 Ariz. 488, 421 P.2d 507 (1966) (holding that suit filed within three months of rejection of amended claim filed with executor but not within three months from rejection of original claim was barred by the prior version of A.R.S. § 14–3806).

¶ 15 Nevertheless, Siebe contends there is a conflict between the two-year limitation to file a claim set forth in A.R.S. § 14–3803(A)(1) and the sixty-day requirement imposed by A.R.S. § 14–3806(A). Siebe argues that by its terms A.R.S. § 14–3803(A)(1) supersedes § 14–3806(A), which only applies generally.

¶ 16 As relevant, A.R.S. § 14–3803(A)(1) provides that all claims against a decedent's estate, "if not barred earlier by any other statute of limitations or nonclaim statute," must be presented within two years after the decedent's death plus the time remaining in the period commenced by actual or published notice. Siebe contends that the restrictive provisions of § 14–3806(A) do not limit the two-year deadline allowed by § 14–3803(A)(1). We disagree with this interpretation.

¶ 17 Section 14–3803(A)(1) gives a claimant at least two years to file his claim, *unless* it would be earlier-barred by another statute of limitations or nonclaim statute. Thus, contrary to Siebe's assertion, the two-year period set forth in § 14–3803(A)(1) only applies when an earlier time bar, such as that found in § 14–3806(A), does not apply.

¶ 18 Furthermore, we reject Siebe's argument that the restrictive provision of § 14–3806(A) does not apply because it is not a "nonclaim statute." A "nonclaim statute" is defined as:

> A law that sets a time limit for creditors to bring claims against a decedent's estate. Unlike a statute of limitations, a nonclaim statute is usu[ally] not subject to tolling and is not waivable.

Black's Law Dictionary 1449 (8th ed. 2004). Section 14–3806(A) sets a sixty-day time limit to bring claims against a decedent's estate. It is also not subject to tolling or waiver where, as here, the claim was due when denied. *See Lowry,* 52 Ariz. at 504, 506, 83 P.2d at 1004, 1005 (noting that the statutory period was not tolled by assignment and representation of the claims to the estate by the assignee). By definition, A.R.S. § 14–3806(A) is a "non-claim statute." Indeed, our supreme court has referred to a prior version of § 14–3806(A) as such. *Barnett,* 101 Ariz. at 491, 421 P.2d at 510.

¶ 19 Because the sixty-day limitations period under A.R.S. § 14–3806(A) applies, the superior court correctly held that Siebe's claim was time-barred. Accordingly, we do not address Siebe's challenge to the court's determination that he failed to prove the validity of his claim.

■ ¶ 20 Finally, Siebe challenges the trial court's ruling that Cunio did not act in bad faith when she denied his claim. "In reviewing a trial court's findings of fact, we do not reweigh conflicting evidence or redetermine the preponderance of the evidence, but examine the record only to determine whether substantial evidence exists to support the trial court's action." *In re Estate of Pouser,* 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999). Cunio and the estate's attorney testified that they denied Siebe's claim be-

cause it was unclear that Regina owed him any monies or that he had standing to collect the debt. Because the evidence supports the court's determination, we find no error.

## CONCLUSION

¶ 21 For the foregoing reasons, we affirm.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge and DANIEL A. BARKER, Judge.