IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

---

MICHELE ADER, AN UNMARRIED WOMAN,
*Plaintiff/Appellant*,

*v.*

THE ESTATE OF DAN FELGER AND
CAROLYN FELGER, A WIDOW,
*Defendants/Appellees*.

No. 2 CA-CV 2015-0170
Filed May 27, 2016

---

Appeal from the Superior Court in Pima County
No. C20140037
The Honorable D. Douglas Metcalf, Judge

**AFFIRMED**

---

COUNSEL

Thompson·Krone, P.L.C., Tucson
By Russell E. Krone and Evan L. Thompson
*Counsel for Plaintiff/Appellant*

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C.,
Tucson
By Corey B. Larson and Ariel E. Henderson
*Counsel for Defendants/Appellees*

**OPINION**

Presiding Judge Vásquez authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Howard concurred.

V Á S Q U E Z, Presiding Judge:

¶1         Michele Ader appeals the trial court's entry of summary judgment in favor of the Estate of Dan Felger and his widow Carolyn Felger and its subsequent denial of her motion for a new trial. The primary issue presented in this appeal requires us to interpret A.R.S. § 14-3803 and A.R.S. § 14-3108 to determine whether Ader's claims against the Estate are time-barred because no probate proceeding was initiated in Arizona within two years following Dan Felger's death. For the reasons stated below, we affirm.

**Factual and Procedural Background**

¶2         We view the facts and all reasonable inferences therefrom in the light most favorable to Ader, the party against whom summary judgment was entered. *See Delo v. GMAC Mortg., L.L.C.*, 232 Ariz. 133, ¶ 2, 302 P.3d 658, 659 (App. 2013). However, the relevant facts are undisputed. In 1974, Ader began investing in commercial properties with Dan Felger. Ader helped fund the purchase of the properties, and Dan Felger rehabilitated, managed, and eventually refinanced or sold them. Starting in the mid-1990s, Dan Felger created separate limited liability companies for each of the investment properties. The members of those companies were Ader and the Felger Family Trust, for which Dan Felger served as trustee. In 2007, Dan Felger was diagnosed with cancer and started training his son-in-law, Michael Rosberg, to take over the business. Dan Felger died in November 2010. Less than two years later, Ader stopped receiving her monthly interest payments for two properties in southern Arizona, Bella Vista Townhomes, L.L.C. and MV Apartments, L.L.C.

¶3         In January 2014, Ader filed a lawsuit against various defendants, including Bella Vista Townhomes, the Felger Family

Trust, Rosberg, and, as relevant to this appeal, "the Estate of Dan Felger" and "Carolyn Felger, a widow." Ader alleged numerous claims, such as breach of contract, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, conversion, and racketeering. Six months later, Carolyn Felger and the Estate of Dan Felger (collectively hereinafter Felger) filed a motion for summary judgment, arguing that, because Ader's claims against the Estate were based on Dan Felger's actions before his death, they were time-barred. Felger similarly asserted that the claims against Carolyn Felger were time-barred because Ader alleged her liability "for community property reasons." With her response, Ader requested that the trial court defer ruling on the motion for summary judgment and allow additional time to conduct discovery. After requesting supplemental briefing and hearing oral argument, the court granted the motion for summary judgment and entered a final judgment pursuant to Rule 54(b), Ariz. R. Civ. P. Ader subsequently filed a motion for a new trial, which the court denied. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1), (5).

## Additional Discovery

**¶4** Ader first contends the trial court "should have deferred ruling on . . . Felger's motion for summary judgment" and should have granted additional time for discovery pursuant to Rule 56(f), Ariz. R. Civ. P.[1] We review a trial court's Rule 56(f) determination for an abuse of discretion. *Lewis v. Oliver*, 178 Ariz. 330, 338, 873 P.2d 668, 676 (App. 1993).

**¶5** Rule 56(f)(1)(A) provides:

> If a party opposing summary judgment files a request for relief and expedited

---

[1] Although the trial court did not explicitly deny Ader's Rule 56(f) motion, it implicitly did so by entering summary judgment in favor of Felger. *See Atchison, Topeka & Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15, 391 P.2d 575, 577 (1964) (motions not ruled upon deemed denied by operation of law).

> hearing under this Rule, along with a supporting affidavit showing that, for specified reasons, it cannot present evidence essential to justify its opposition, the [trial] court may, after holding a hearing[,] . . . defer considering the motion for summary judgment and allow time to obtain affidavits or to take discovery before a response to the motion is required.

However, the court has no discretion and must "grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶6 As part of her Rule 56(f) request, Ader sought additional information regarding Dan Felger's separate property, which she alleged passed to different trusts upon his death, as well as "the trust documents, the trust funding documents, trust and personal banking records and trust and personal tax returns." She also wanted information concerning any loans made by Dan Felger or the Felger Family Trust to the limited liability companies. She argued this information was "essential to understanding the financial arrangements" between the various defendants.

¶7 However, the issue presented in the motion for summary judgment—whether Ader's claims were time-barred—was a pure question of law. *Cf. Montano v. Browning*, 202 Ariz. 544, ¶ 4, 48 P.3d 494, 496 (App. 2002) (describing statute of limitations and accrual of action as question of law). The additional discovery Ader sought had no bearing on that issue and would have only delayed the inevitable result. *See Josue v. Isuzu Motors Am., Inc.*, 958 P.2d 535, 540 (Haw. 1998) ("Because this is solely a question of law, the discovery requested was not only irrelevant, but would have subjected the parties to unnecessary cost and expense."); *United Sav. Bank v. State*, 823 A.2d 873, 876 (N.J. Super. Ct. App. Div. 2003) (if summary judgment turns on question of law, additional discovery unnecessary and summary judgment need not be delayed). We therefore cannot say the trial court abused its discretion. *See Lewis*, 178 Ariz. at 338, 873 P.2d at 676.

**Summary Judgment**

¶8        Ader next contends the trial court erred in granting summary judgment in favor of the Estate.[2]   Specifically, she maintains the court erroneously interpreted § 14-3803 and § 14-3108 to bar her claims against the Estate when no personal representative had been appointed and her claims "did not arise and had been concealed for more than two years after [Dan Felger's] death."  We review de novo a grant of summary judgment.  *Cohen v. Lovitt & Touche, Inc.*, 233 Ariz. 45, ¶ 6, 308 P.3d 1196, 1198 (App. 2013).

¶9        The issue here turns on the interpretation and application of § 14-3803 and § 14-3108, which are questions of law that we review de novo.  *See Moore v. Browning*, 203 Ariz. 102, ¶ 21, 50 P.3d 852, 858 (App. 2002).  We construe statutes to fulfill the intent of our legislature.  *First Credit Union v. Courtney*, 233 Ariz. 105, ¶ 9, 309 P.3d 929, 931 (App. 2013).  "When interpreting a statute, we look first to the plain language because that is 'the best and most reliable index of a statute's meaning.'"  *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 6, 181 P.3d 219, 225 (App. 2008), *quoting N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, ¶ 9, 93 P.3d 501, 503 (2004).  In doing so, we "give words their ordinary meaning and may look to dictionary definitions."  *DBT Yuma, L.L.C. v. Yuma Cty. Airport Auth.*, 238 Ariz. 394, ¶ 9, 361

---

[2]As to Carolyn Felger, the trial court found, "Because the claims against the Estate of Dan Felger are barred, including the claims against his community property assets, the claims against [Carolyn] that are asserted against her under the community property laws are likewise barred."  In support of its reasoning, the court relied on A.R.S. § 14-3101(A), which provides that "the surviving spouse's share of the community property is subject to administration until the time for presentation of claims has expired, and thereafter only to the extent necessary to pay community claims."  Ader does not contest the court's grant of summary judgment in favor of Carolyn and instead focuses on her claims against the Estate.  *See Dawson v. Withycombe*, 216 Ariz. 84, ¶ 91, 163 P.3d 1034, 1061 (App. 2007) (argument not raised in opening brief waived).  We therefore do not address it.

P.3d 379, 381 (2015) (internal citation omitted). And we construe statutes "in conjunction with other statutes that relate to the same subject or purpose." *Johnson v. Mohave County*, 206 Ariz. 330, ¶ 11, 78 P.3d 1051, 1054 (App. 2003).

¶10         Section 14-3803 provides the time limits for creditors to present their claims against an estate. Subsection (A) applies to claims that "arose before" the decedent's death, while subsection (C) applies to claims that "arise at or after" the decedent's death. The first issue here is whether subsection (A) or (C) applies to Ader's claims against the Estate. For the reasons discussed below, we conclude that subsection (A) applies. The second issue is how to calculate the time limits in § 14-3803(A) when no personal representative was ever appointed for the estate and, consequently, the creditors received no notice to present their claims. For this answer, we turn to § 14-3108, which generally requires a personal representative to be appointed within two years of a decedent's death. For the reasons discussed below, we conclude that § 14-3803(A) bars Ader's claims against the Estate because no personal representative was appointed within two years.

¶11         At the outset, we note that both § 14-3803 and § 14-3108 are part of Arizona's probate code, which was modeled after the Uniform Probate Code. *In re Estate of Winn*, 214 Ariz. 149, n.4, 150 P.3d 236, 240 n.4 (2007). Consistent with the Uniform Probate Code, our probate code "was designed to 'promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors.'" *Id.* ¶ 20, *quoting* A.R.S. § 14-1102(B)(3); *see also* Unif. Prob. Code § 1-102(b)(3).

**A.R.S. § 14-3803**

¶12         In relevant part, § 14-3803 provides:

> A. All claims against a decedent's estate that arose before the death of the decedent, including claims of the state and any of its political subdivisions, whether due or to become due, absolute or contingent, liquidated or unliquidated,

6

founded on contract, tort or other legal basis, if not barred earlier by any other statute of limitations or nonclaim statute, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented within the earlier of either:

1. Two years after the decedent's death plus the time remaining in the period commenced by an actual or published notice pursuant to [A.R.S.] § 14-3801, subsection A or B.

2. The time prescribed by § 14-3801, subsection B for creditors who are given actual notice and within the time prescribed in § 14-3801, subsection A for all creditors barred by publication.[3]

. . . .

C. All claims against a decedent's estate that arise at or after the death of the decedent, including claims of the state and any political subdivision, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on

---

[3] Pursuant to § 14-3801(A), a personal representative must "publish a notice to creditors once a week for three successive weeks in a newspaper," and that notice must inform "creditors of the estate to present their claims within four months after the date of the first publication of the notice or be forever barred." Section 14-3801(B) requires a personal representative to give all known creditors written notice "to present the creditor's claim within four months after the published notice, if notice is given as provided in subsection A, or within sixty days after the mailing or other delivery of the notice, whichever is later, or be forever barred."

contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as either of the following:

> 1. A claim based on a contract with the personal representative, within four months after performance by the personal representative is due.

> 2. Any other claim, within the later of four months after it arises or the time specified in subsection A, paragraph 1 of this section.

**¶13** As argued by the parties and addressed by the trial court, the issue here is: Which subsection of § 14-3803 applies. Ader maintains that subsection (C) governs this case because "she did not discover her claims against the Estate" until after Dan Felger's death. Felger, however, contends that § 14-3803(A) is the relevant subsection because Ader's claims against the Estate arose prior to Dan Felger's death.[4]

---

[4] Felger alternatively contends that California rather than Arizona law applies, asserting that "any proceedings . . . concerning the administration of Dan Felger's estate should have been brought in California" because "Dan and Carolyn were, at all times, California residents, and because Dan Felger died in California." In support of this argument, Felger cites Cal. Civ. Proc. Code § 395, which provides:

> Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action.

¶14 In granting the motion for summary judgment, the trial court found § 14-3803(A) applicable. Reciting Ader's claims against the Estate, as identified in her amended complaint, the court reasoned that, "even if [Ader] did not discover the claims against Dan Felger until after his death, the claims against him arose prior to his death."

¶15 In her opening brief, Ader maintains she "did not learn of her potential claims against the Estate until financial documents were received on September 17, 2013 and she did not discover that the representations and statements made by Dan Felger to [her] were false, untrue, or negligently made until after September 17, 2013." Specifically, she argues she was unaware of Dan Felger's misrepresentations concerning Bella Vista Townhomes and MV Apartments until after his death. She therefore reasons that § 14-

---

However, according to the Code Commission Notes for the statute, "[t]his section does not apply to probate proceedings." With a probate, there may be ancillary proceedings in multiple states. *See* Restatement (Second) of Conflict of Laws § 342 (1971); *see also Leiby v. Superior Court of Maricopa Cty.*, 101 Ariz. 517, 518-19, 421 P.2d 874, 875-76 (1966); *In re Reynolds' Estate*, 20 P.2d 323, 324-25 (Cal. 1933).

Nevertheless, our legislature has adopted the law of a decedent's domicile if outside of Arizona in § 14-3803(B), which provides: "A claim that is described in subsection A of this section and that is barred by the nonclaim statute of the decedent's domicile before the giving of notice to creditors in this state is barred in this state." Felger argues that Cal. Civ. Proc. Code § 366.2(a) bars Ader's claims against the Estate in California. But that statute is not a nonclaim statute. The California statutory scheme and case law consistently refer to Cal. Civ. Proc. Code § 366.2 as a "statute of limitations." *See, e.g.,* Cal. Prob. Code § 9100(c); Cal. Fam. Code § 914(c)(1); *Bradley v. Breen*, 86 Cal. Rptr. 2d 726, 732 (Ct. App. 1999); *Battuello v. Battuello*, 75 Cal. Rptr. 2d 548, 549-50 (Ct. App. 1998); *see also In re Estate of Van Der Zee*, 228 Ariz. 257, ¶ 18, 265 P.3d 439, 442 (App. 2011) (defining nonclaim statute and distinguishing statute of limitations). Accordingly, Cal. Civ. Proc. Code § 366.2(a) does not fit within the scope of § 14-3803(B) and does not bar Ader's claims.

3803(C) applies and she "timely filed" this lawsuit "within the four month time limit" provided therein.[5]

**¶16**    The plain language of § 14-3803 indicates that claims against an estate must be presented within certain time limits based on when those claims "arise." *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225.  "Arise" has an ordinary meaning.  *See DBT Yuma*, 238 Ariz. 394, ¶ 9, 361 P.3d at 381.  It generally means "[t]o come into being; originate." *The American Heritage Dictionary* 95 (5th ed. 2011); *see also Arise*, *Black's Law Dictionary* (10th ed. 2014) ("To originate; to stem (from).").  Applying that meaning to § 14-3803, a claim arises when it comes into being, for example, when a decedent commits the act that is the basis of the claim.  Thus, under § 14-3803, it makes no difference when the plaintiff learns of or discovers the claim.

**¶17**    Ader nevertheless urges us to apply the discovery rule to § 14-3803.  Under that doctrine, "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995); *see also Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, ¶ 9, 307 P.3d 1015, 1018 (App. 2013) (statute of limitations does not run from moment of defendant's injurious conduct but from when claimant knows or should know of injury and facts underlying cause).

---

[5] At oral argument, Ader maintained that "a claim is not actionable until all the elements of the claim exist."  And she specifically asserted that the element of damages for her fraud claim could not be determined until after Dan Felger's death.  Although Ader alleged she did not discover her claims until after Dan Felger's death, she did not present this "elements" argument in her opening brief.  Instead, she argued that, because the defendants had concealed their conduct, she did not become aware of her claims until she received certain financial documents.  We therefore do not address this "elements" argument further. *See Mitchell v. Gamble*, 207 Ariz. 364, ¶ 16, 86 P.3d 944, 949-50 (App. 2004) ("Generally, issues and arguments raised for the first time at oral argument on appeal are untimely and deemed waived.").

¶18            However, § 14-3803 is a nonclaim statute.  *In re Estate of Barry*, 184 Ariz. 506, 508, 910 P.2d 657, 659 (App. 1996).  A nonclaim statute is "'[a] law that sets a time limit for creditors to bring claims against a decedent's estate.  Unlike a statute of limitations, a nonclaim statute is usu[ally] not subject to tolling and is not waivable.'"  *In re Estate of Van Der Zee*, 228 Ariz. 257, ¶ 18, 265 P.3d 439, 442 (App. 2011), *quoting Black's Law Dictionary* 1449 (8th ed. 2004) (second alteration in *Estate of Van Der Zee*).  Thus, by its very definition, a nonclaim statute is generally not subject to the discovery rule, which tolls the period for bringing a claim.  *See ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, ¶ 11, 246 P.3d 938, 941 (App. 2010) (discovery rule tolls limitations period); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 3 (2016) ("The time element is a built-in condition of a nonclaim statute and is of the essence of the right of action . . . .").  Other states have also determined that the discovery rule does not apply to their comparable nonclaim statutes.  *See Phillips v. Quick*, 731 S.E.2d 327, 329-30 (S.C. Ct. App. 2012); *In re Estate of Peterson*, 9 P.3d 845, 849 (Wash. Ct. App. 2000).

¶19            Moreover, where the discovery rule applies, our legislature generally uses the term "accrue" to describe when the statute of limitations begins to run.  *See Gust, Rosenfeld & Henderson*, 182 Ariz. at 588, 898 P.2d at 966 (interpreting A.R.S. § 12-548, which uses "accrue"); *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 424, 747 P.2d 581, 585 (App. 1987) (under A.R.S. § 12-542, two-year statute of limitations "does not begin to run until the cause of action 'accrues,' which means that the discovery rule applies").  However, § 14-3803 uses the term "arise," not "accrue."  Contrary to Ader's suggestion otherwise, these two terms do not "mean the same thing."  In this context, "accrue" has a special legal meaning.  "[A] cause of action accrues, and the statute of limitations commences, when one party is able to sue another."  *Gust, Rosenfeld & Henderson*, 182 Ariz. at 588, 898 P.2d at 966.  By contrast, as stated above, in the context of a nonclaim statute, "arise" refers to the decedent's act or conduct upon which a claim is based.  We "will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself, nor will [we] inflate, expand, stretch, or extend a statute to matters not falling within its express provisions."  *Cicoria v. Cole*, 222 Ariz. 428, ¶ 15, 215 P.3d 402, 405

(App. 2009). This is particularly true given that our legislature has used the term "accrue" elsewhere. *See Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002) (we assume legislature said what it means). The discovery rule therefore does not apply to § 14-3803.

**¶20** Here, Ader is alleging claims based on misrepresentations by Dan Felger. Such claims necessarily arose before his death. We therefore conclude that § 14-3803(A) applies.

**¶21** In her reply brief, Ader nonetheless maintains that "[s]pecific paragraphs in the Amended Complaint clearly alleged that the Felger Estate had engaged in tortious conduct after Dan Felger's death and that the tortious conduct was continuing." She therefore reasons that § 14-3803(C) must apply to those claims. But Ader misapprehends the concept of a decedent's estate.

**¶22** An estate is a collection of the decedent's assets and liabilities. *See* A.R.S. § 14-1201(17) (defining "estate" as "the property of the decedent"); *see also In re Johnson's Estate*, 129 Ariz. 307, 310, 630 P.2d 1039, 1042 (App. 1981). As such, it has no capacity to bring or defend a lawsuit. Simply put, an estate cannot "act." Rather, it can only sue and be sued through its personal representative, who "acts" on behalf of the estate. *See* A.R.S. § 14-3701 (duties and powers of personal representative). Accordingly, when an estate is involved in litigation, the personal representative is the proper named defendant. *See* A.R.S. § 14-3110; *see also* Ariz. R. Civ. P. 17(c); *In re Balcomb's Estate*, 114 Ariz. 519, 521, 562 P.2d 399, 401 (App. 1977). Moreover, personal representatives can be personally liable for their actions. *See* A.R.S. § 14-3935. For example, "[a] personal representative is individually liable for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate . . . if he is personally at fault." A.R.S. § 14-3808(B). Heirs or devisees of a decedent can also be liable, for example, for improper distributions. *See* A.R.S. §§ 14-3909, 14-3936.

**¶23** The causes of action described by Ader as arising after Dan Felger's death must be aimed at those individuals directly responsible. *See* §§ 14-3808, 14-3909. Indeed, Ader's amended complaint seems to reflect this notion. Her claims against the Estate

for breach of fiduciary duty are premised on her belief that "the Felger Trust allowed . . . the Estate of Dan Felger to act as the alter ego of . . . the Felger Trust." Thus, Ader is not alleging that the Estate affirmatively committed any act constituting a breach of fiduciary duty. Notably, Ader's amended complaint also names Rosberg, the Felger Family Trust, Bella Vista Townhomes, and others as defendants; here, we are only concerned with the Estate. And Ader's claims against the Estate fall under § 14-3803(A).[6]

**¶24** Turning to § 14-3803(A), it provides that claims against an estate arising before the decedent's death are barred if not presented within certain time limits following the personal representative's notice to creditors. The parties do not dispute the meaning of these provisions. Rather, the issue is: How does a court calculate the time limits in § 14-3803(A) when no personal representative has been appointed and, consequently, no notice has been given to creditors? *See* A.R.S. § 14-3104 ("No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal

---

[6]Ader additionally asserts that A.R.S. § 14-1106 allows her to bring claims against the Estate after they were discovered. However, Ader's amended complaint did not rely upon § 14-1106 as the basis for any of her claims, and she developed no argument in her opening brief, as required by Rule 13(a)(7), Ariz. R. Civ. App. P., to explain how this statute applies. We therefore could deem the argument waived. *See In re Aubuchon*, 233 Ariz. 62, ¶ 6, 309 P.3d 886, 888-89 (2013). But, even assuming it is not waived, we disagree with Ader.

In relevant part, § 14-1106 explains, "If fraud has been perpetrated in connection with any proceeding . . . under this title . . . , any person injured thereby may obtain appropriate relief against the perpetrator of the fraud . . . within two years after the discovery of the fraud." This statute is thus specifically directed at the "perpetrator of the fraud" or "any person . . . benefiting from the fraud," not an estate generally. As discussed above, Ader must direct her claims against those responsible individuals.

representative."). For the answer to this question, we turn to § 14-3108.

**A.R.S. § 14-3108**

¶25      In relevant part, § 14-3108 provides:

> An informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, shall not be commenced more than two years after the decedent's death, except:
>
> . . . .
>
> 4. An informal probate or appointment or a formal testacy or appointment proceeding may be commenced thereafter if no court proceeding concerning the succession or administration has occurred within the two year period. If proceedings are brought under this exception, the personal representative has no right to possess estate assets as provided in [A.R.S.] § 14-3709 beyond that necessary to confirm title thereto in the rightful successors to the estate. Claims other than expenses of administration shall not be presented against the estate.

¶26      After concluding that § 14-3803(A) applied, the trial court noted that the time limit thereunder is "two years from the date of death plus the time remaining of the four month period that begins to run after the personal representative provides notice to

potential creditors." However, the court also pointed out that, as to Dan Felger, "no probate has been opened, no personal representative has been appointed, and no notice has been provided to creditors." Relying on § 14-3108, the court found "there is generally a two year limit on the time to appoint a personal representative" and the exception in subsection (4) does not apply to Ader's claims against the Estate. Accordingly, "because the time to seek the appointment of a personal representative has passed," the court concluded that "the claims against the Estate of Dan Felger are barred under . . . § 14-3803(A)."

¶27        The plain language of § 14-3108, which is titled "ultimate time limit," provides that a probate proceeding generally must be brought within two years of a decedent's death. *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225; *see also* A.R.S. § 14-3301(B)(1)(f) (application for informal probate of will or appointment of personal representative must include statement that two-year "time limit . . . has not expired"). Indeed, the comment to Unif. Prob. Code § 3-108, after which § 14-3108 was modeled, indicates that probate proceedings "must be commenced" within the "ultimate time limit" or "no administration could be opened." Other states have also described their comparable statutes as providing a bar to late probate proceedings. *See In re Estate of Collopy*, 88 A.3d 153, ¶ 6 (Me. 2014) (Maine's equivalent "unambiguously bars the commencement of all appointment proceedings . . . three years after the decedent's death"); *In re Estate of Taylor*, 675 P.2d 944, 945 (Mont. 1984) (describing Montana's equivalent as "clear[ly] and unambiguous[ly]" providing "three-year time limit on commencing a proceeding to probate a will").

¶28        However, § 14-3108(4) allows for a late proceeding if no earlier proceeding occurred within the two years following the decedent's death.[7] Such is the case here, which means a personal representative could still be appointed. But § 14-3108(4) contains a

_____

[7]Section 14-3108 includes three other exceptions, but none applies here. There was no "doubt about the fact of" Dan Felger's death, he was not "absent, disappeared or missing," and there was no "informally probated will." § 14-3108(1)-(3).

caveat: In a tardy proceeding, the personal representative can only "confirm title" to estate assets, and "[c]laims other than expenses of administration shall not be presented against the estate." We thus must determine this latter provision's effect on Ader's claims.

¶29 Admittedly, there is "scant case law on § 14-3108 in Arizona and analogous Uniform Probate Code provisions in other states." *Estate of Winn*, 214 Ariz. 149, ¶ 20, 150 P.3d at 240. However, the language of subsection (4) is plain and unambiguous. *See City of Tucson*, 218 Ariz. 172, ¶ 6, 181 P.3d at 225; *see also In re Estate of Baca*, 984 P.2d 782, ¶ 22 (N.M. Ct. App. 1999) ("Perhaps because of its clarity, there is little case law interpreting this provision of the Uniform Probate Code."). Although a personal representative can be appointed more than two years after the decedent's death if no prior proceeding occurred, in that late proceeding, the personal representative can only settle claims for "expenses of administration"[8] because "[c]laims other than expenses of administration shall not be presented against the estate." Limiting the claims to be brought in a tardy proceeding is consistent with the purpose of Arizona's probate code—it puts the burden on a creditor to keep informed of the status of a debtor and to promptly pursue his or her claims if the debtor dies. *See* § 14-1102(B)(3); *see also Estate of Baca*, 984 P.2d 782, ¶¶ 24-25.

¶30 "Expenses of administration" are "[e]xpenses incurred by a decedent's representatives in administering the estate." *Expenses of Administration*, *Black's Law Dictionary* (10th ed. 2014); *see also Garver v. Thoman*, 15 Ariz. 38, 42, 135 P. 724, 725 (1913) (describing "expenses of administration" as debts incurred while locating and disposing of estate assets and obligations). Ader's claims for damages stemming from Dan Felger's misrepresentations do not fall within this definition. Therefore, even though a personal representative could still be appointed for the Estate, Ader's claims

---

[8]Pursuant to A.R.S. § 14-1201(7), "claims" includes "liabilities of the decedent or the protected person, whether arising in contract, in tort or otherwise, and liabilities of the estate that arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration."

could not be presented.  *See In re Estate of Wood*, 147 Ariz. 366, 367, 710 P.2d 476, 477 (App. 1985) (describing § 14-3108 as "statutory limitation" on court's power).

¶31      Construing these statutes together, we conclude that the two-year time limit for appointing a personal representative in § 14-3108 applies to § 14-3803(A).  *See Johnson*, 206 Ariz. 330, ¶ 11, 78 P.3d at 1054.  Thus, despite the fact that a personal representative has not been appointed because no probate proceeding was initiated, § 14-3803(A) bars claims other than expenses of administration presented more than two years after the decedent's death.  Without applying the two-year time limit to § 14-3803(A), the time for presenting a claim thereunder could continue indefinitely.  This would be an "absurd result," *Knight Transp., Inc. v. Ariz. Dep't of Transp.*, 203 Ariz. 447, ¶ 22, 55 P.3d 790, 795 (App. 2002) (we attempt to give statutes sensible meaning and avoid construction that produces absurd result), particularly in light of our probate code's stated purpose of "speedy and efficient" estate administrations, § 14-1102(B)(3).

¶32      Ader nevertheless contends that, pursuant to *Estate of Winn*, 214 Ariz. 149, ¶¶ 19-20, 150 P.3d at 240, "[t]he efficient administration of estates is intended to benefit creditors as well as successors."  She argues that, under the trial court's summary-judgment ruling, she was "denied the benefit of the Probate Code," while "the defendants, including Carolyn Felger, failed to open a probate and seek to use the probate code as a sword to avoid probating Dan Felger's separate property."

¶33      *Estate of Winn* is inapposite.  There, our supreme court had to determine whether a late-appointed personal representative could pursue an elder-abuse claim, brought under the Adult Protective Services Act, on behalf of a decedent's estate, despite the language in § 14-3108(4) indicating that, in tardy proceedings, a personal representative can only "confirm title."  *Estate of Winn*, 214 Ariz. 149, ¶¶ 1, 5-6, 150 P.3d at 237-38.  Although the court recognized that "efficient administration and finality" under Arizona's probate code "are intended to protect the decedent's successors and creditors," it was the putative tortfeasor in that case that sought to "invoke this policy to protect itself from potential liability."  *Id.* ¶ 20.  And the court refused to so apply it.  *Id.*

¶34 Moreover, although the goals of "efficient administration and finality" may be intended to benefit creditors, their purpose is to secure a distribution from the decedent's estate and to resolve any further "disruptions to possession of the decedent's property." *Id.*; *see also* § 14-3909 (liability of improperly paid claimant). In other words, creditors are entitled to timely and conclusively receive that which they are owed. However, that is not the way in which Ader attempts to use this policy; rather, she is trying to use it as a basis for allowing her untimely creditor claims to proceed.

¶35 As mentioned above, creditors have a responsibility to timely pursue their claims. *See* § 14-1102(B)(3); *Estate of Baca*, 984 P.2d 782, ¶¶ 24-25. The Joint Editorial Board of the Uniform Probate Code recognized a problem similar to the one identified by Ader: "Successors who are willing to delay receipt and enjoyment of inheritances may consider waiting out the non-claim period running from death simply to avoid any public record of an administration that might alert known and unknown creditors to pursue their claims." Unif. Prob. Code § 3-803 cmt. However, the Board concluded that this scenario was "unlikely" because "unpaid creditors of a decedent are interested persons . . . who are qualified to force the opening of an estate for purposes of presenting and enforcing claims." *Id.*; *see also* A.R.S. § 14-3203(A) (allowing "any creditor" to seek appointment as personal representative). Ader knew within a week of his death that Dan Felger had died. She had an obligation to promptly pursue any potential claims but failed to do so.

**Summary**

¶36 Claims against an estate that arose before the decedent's death must be presented within the time limits of § 14-3803(A). Because such claims cannot be presented until a personal representative has been appointed for the estate, § 14-3104, the onus is on creditors to initiate probate proceedings when none are forthcoming, *see* § 14-3203(A)(7). Otherwise, if a personal representative is not appointed within two years of the decedent's death, most claims cannot be presented against the estate. § 14-3108(4). And, despite the fact that a personal representative has not

been appointed, § 14-3803(A) bars most claims when brought more than two years after the decedent's death. *See* § 14-3108(4). Accordingly, pursuant to § 14-3803(A) and § 14-3108(4), Ader's claims against the Estate are time-barred. The trial court therefore did not err in granting summary judgment. *See Cohen*, 233 Ariz. 45, ¶ 6, 308 P.3d at 1198.

## Motion for a New Trial

¶37 Ader lastly asserts the trial court erred in denying her motion for a new trial. Specifically, she contends the court "erred by entering judgment for the Estate of Dan Felger when it lacked personal jurisdiction over that party." We generally review a trial court's denial of a motion for a new trial for an abuse of discretion. *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, ¶ 8, 322 P.3d 168, 172 (App. 2014). However, jurisdiction is a question of law subject to our de novo review. *Duwyenie v. Moran*, 220 Ariz. 501, ¶ 7, 207 P.3d 754, 756 (App. 2009).

¶38 As part of its summary-judgment ruling, the trial court "note[d] that the estate of a deceased is not a proper party in a civil matter" and "the personal representative of the estate is the proper party." *See* § 14-3110; Ariz. R. Civ. P. 17(c). However, relying on Rule 17(a), the court stated, "[W]hen an action is not filed against the real party in interest, the remedy is to allow the real party in interest to be substituted in rather than dismissing the action." And the court concluded that "resolution of whether the nonclaim statute bars the claims against the Estate should [not] be postponed until after a personal representative is appointed" because "the claims are time barred in part because the time to have a personal representative appointed has passed."

¶39 Ader apparently relied on this determination as the basis for her motion for a new trial. She pointed out the trial court "found that a personal representative can never be appointed [for the Estate] under any circumstances because of the two year limitation" in § 14-3108(4). She then reasoned that "there can never be an appropriate real party in interest substituted in this case" and "the Estate of Dan Felger" as named in her amended complaint "is

obviously not a proper party." She therefore concluded, "[I]t is error and contrary to law to enter any type of judgment for the Estate."

**¶40** Ader seems to reurge this argument on appeal. She maintains the trial court had "no personal jurisdiction to enter judgment on behalf of the Estate." She additionally asserts the court did not have subject matter jurisdiction over the "probate claims." She therefore contends "the Rule 54(b) judgment is void."[9]

**¶41** We recognize the initial logic of Ader's personal jurisdiction argument. *See* Ariz. R. Civ. P. 54(b) (referring to judgment involving "parties"); *see also* Ariz. R. Civ. P. 17(c). However, improperly naming a defendant in a complaint does not somehow defeat otherwise proper personal jurisdiction. *See* Ariz. R. Civ. P. 10(f) (when name of defendant unknown to plaintiff, defendant may be designated "by any name" and "amended accordingly"); *see also Morgan Bank (Delaware) v. Wilson*, 164 Ariz. 535, 537, 794 P.2d 959, 961 (App. 1990) (personal jurisdiction may be waived). As explained above, a personal representative can still be appointed for the Estate; Ader's claims, however, could not be presented in that tardy proceeding. *See* § 14-3108(4). It would thus be futile to name a personal representative for the sole purpose of

---

[9]Felger contends this argument is waived because it was first asserted in Ader's motion for a new trial. *See Conant v. Whitney*, 190 Ariz. 290, 293, 947 P.2d 864, 867 (App. 1997). In response, Ader correctly points out that challenges to a court's subject matter jurisdiction can be asserted at any time. *See Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, ¶ 12, 57 P.3d 726, 728 (App. 2002). But the thrust of her argument appears to be one of personal jurisdiction, which can be waived. *See Morgan Bank (Delaware) v. Wilson*, 164 Ariz. 535, 537, 794 P.2d 959, 961 (App. 1990). Moreover, we question whether Ader can properly challenge the court's personal jurisdiction over a defendant she named in her amended complaint. *Cf. Bohreer v. Erie Ins. Exch.*, 216 Ariz. 208, ¶ 24, 165 P.3d 186, 193 (App. 2007) (when party consents to personal jurisdiction, party estopped from later denying such jurisdiction). Nevertheless, we do not resolve these issues and instead address the merits of Ader's argument.

entering summary judgment in favor of the Estate. *Cf. Yamamoto v. Santa Cruz Cty. Bd. of Supervisors*, 124 Ariz. 538, 539, 606 P.2d 28, 29 (App. 1979) (affirming entry of summary judgment in favor of superior court because court not sui juris and not proper defendant).

**¶42** Ader's argument contesting the trial court's subject matter jurisdiction seems to be based on an imprecise understanding of the concept. Older case law has used the phrase subject matter jurisdiction "somewhat loosely," for instance, to describe a "court's inability to enter a valid judgment." *State v. Maldonado*, 223 Ariz. 309, ¶¶ 15-16, 223 P.3d 653, 655 (2010). This appears to be the basis of Ader's argument.

**¶43** However, "'[i]n current usage,'" subject matter jurisdiction "'refers to a court's statutory or constitutional power to hear and determine a particular type of case.'" *In re Marriage of Thorn*, 235 Ariz. 216, ¶ 17, 330 P.3d 973, 977 (App. 2014), *quoting Maldonado*, 223 Ariz. 309, ¶ 14, 223 P.3d at 655. The trial court had jurisdiction over this civil action in which Ader sought damages for various claims, including breach of fiduciary duty and fraudulent concealment. *See* Ariz. Const. art. VI, § 14; *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 507, 744 P.2d 29, 34 (App. 1987). And, although the probate of the Estate of Dan Felger is not the focus of this action, the trial court also had subject matter jurisdiction over probate-related issues. *See* A.R.S. § 14-1302(A)(1).

**¶44** Ader nevertheless suggests the trial court should have dismissed without prejudice her claims against Felger rather than entering a judgment on the merits. "'A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form.'" *Columbia Parcar Corp. v. Ariz. Dep't of Transp.*, 193 Ariz. 181, ¶ 15, 971 P.2d 1042, 1045 (App. 1999), *quoting Fairmont Aluminum Co. v. Comm'r of Internal Revenue*, 222 F.2d 622, 625 (4th Cir. 1955). Whether Ader's claims against Felger are time-barred is a legal question, *see Montano*, 202 Ariz. 544, ¶ 4, 48 P.3d at 496, the answer to which resolves her rights in this matter, *cf. Albano v. Shea Homes Ltd. P'ship*, 227 Ariz. 121, ¶ 24, 254 P.3d 360, 366 (2011) ("[A] statute of repose defines a substantive right."). Although the court's summary judgment was a final judgment on the merits, *see El Paso Nat. Gas Co. v. State*, 123

Ariz. 219, 222, 599 P.2d 175, 178 (1979), we cannot say the court abused its discretion in denying Ader's motion for a new trial.[10] *See Sandretto*, 234 Ariz. 351, ¶ 8, 322 P.3d at 172; *Duwyenie*, 220 Ariz. 501, ¶ 7, 207 P.3d at 756; *see also Pi'Ikea, LLC v. Williamson*, 234 Ariz. 284, n.7, 321 P.3d 449, 454 (App. 2014) (we may affirm trial court's ruling if correct for any legal reason).

**Attorney Fees on Appeal**

**¶45**        Felger has requested attorney fees on appeal pursuant to A.R.S. § 12-341.01. That statute provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." § 12-341.01(A). Felger has the burden of proving entitlement to an award under § 12-341.01(A). *See Woerth v. City of Flagstaff*, 167 Ariz. 412, 419, 808 P.2d 297, 304 (App. 1990).

**¶46**        The "contract" on which Felger relies as the basis for the award is presumably the operating agreements for the limited liability companies. However, the parties to the operating agreements for both Bella Vista Townhomes and MV Apartments were Ader, Rosberg, and the Felger Family Trust—and Dan Felger signed those agreements as trustee of the trust. Neither Dan Felger in his individual capacity nor Carolyn Felger in her individual capacity was a party to those agreements. And, as Ader points out, she alleged no breach-of-contract claims against the Estate. Accordingly, Felger has failed to show that Ader's claims against the Estate arose from the operating agreements. *See Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, ¶¶ 25-27, 126 P.3d 165, 173 (App. 2006) (§ 12-341.01(A) permits recovery for non-contract action if action

---

[10] In her reply brief, Ader also asserts that "the entry of judgment for Carolyn Felger, on community property grounds, was invalid because the trial court did not have jurisdiction to enter a judgment in favor of the Felger Estate." But her argument was raised too late. *See Dawson v. Withycombe*, 216 Ariz. 84, ¶ 91, 163 P.3d 1034, 1061 (App. 2007) (argument not raised in opening brief waived). And, in any event, we disagree that the court lacked jurisdiction to enter judgment in favor of the Estate.

could not exist "but for" breach of contract; however, attorney fees not recoverable if contract only serves as "factual predicate" for action).

¶47 Felger nevertheless points out that Ader relied on § 12-341.01 as a basis for attorney fees in her amended complaint. Felger therefore reasons that they "are entitled to recover their attorney's fees for successfully defending against such claims." But Felger has cited no authority to support this proposition, and we are aware of none. Notably, Ader's amended complaint included breach-of-contract-claims as to other defendants.

¶48 In any event, "an award of fees under . . . § 12-341.01 is discretionary; it is not an entitlement." *Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, ¶ 14, 329 P.3d 229, 232 (App. 2014); *see also Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, ¶ 11, 992 P.2d 1128, 1132 (App. 1998) (even if claim arises out of contract, award under § 12-341.01 is discretionary). We therefore exercise our discretion and deny Felger's request for attorney fees.

## Disposition

¶49 For the reasons stated above, we affirm the judgment and the denial of the motion for a new trial. As the prevailing party, Felger is entitled to costs on appeal, *see* A.R.S. § 12-341, contingent upon compliance with Rule 21, Ariz. R. Civ. App. P.